1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney

2
    BRIAN J. STRETCH (CSBN 163973 )
3   Chief, Criminal Division

4   JEFFREY B. SCHENK (CSBN 234355)
    Assistant United States Attorney

5
    TIFFANY DAY
6   Law Clerk

7      150 South Almaden Boulevard, Suite 900
       San Jose, California 95113
8      Telephone: (408) 535-2695
       FAX: (408) 535-5081
9      jeffrey.b.schenk@usdoj.gov
       tiffany.day@usdoj.gov

10

11  Attorneys for the United States

12
                    UNITED STATES DISTRICT COURT
13
                  NORTHERN DISTRICT OF CALIFORNIA
14
                         SAN JOSE DIVISION
15

16  UNITED STATES OF AMERICA,          )     No. CR 08-00147 RS
                                       )
17         Plaintiff,                  )     GOVERNMENT'S SENTENCING
                                       )     MEMORANDUM
18      v.                             )
                                       )     Date: June 12, 2008
19  RICHARD JAMES KIRMIL,              )     Time: 9:30 a.m.
                                       )
20         Defendant.                  )
                                       )
21  _____ )

22

23      On April 17, 2008, the defendant, Richard James Kirmil, entered a guilty plea before this

24  Court to one count of theft of government funds, in violation of 18 U.S.C. § 641.  Sentencing is

25  scheduled to take place on June 12, 2008 at 9:30 a.m.  The government hereby submits its

26  sentencing memorandum.

27  //

28  //

    GOVT'S SENT. MEMO
    CR 08-00147 RS                            1

1

## DISCUSSION

2

### A. Offense Conduct

3    On August 28, 1995, Richard Kirmil applied for Social Security Disability Insurance Benefits

4    (DIB).  Defendant has been unemployed since June 1, 1993.  He claimed  severe depression, side

5    effects of medication, hypo-thyroid, inability to concentrate or complete tasks, fatigue, lethargy,

6    and erratic sleep symptoms.  Defendant knew when he applied for and began receiving DIB that

7    he was required to notify Social Security Administration (SSA) if he began working.  On January

8    31, 1996, defendant applied for Child's Insurance Benefits on behalf of his children, Derek James

9    Kirmil (born 8/20/88) and Lauren Taylor Kirmil (born 12/9/89) and requested that those benefits

10    be paid to defendant.  On November 12, 2004, defendant reported that he continued to suffer from

11    bipolar depression, sleep problems, and tremors.  He also reported that his condition had

12    worsened and  now included vision problems, hypertension, and panic attacks.  On November 16,

13    2004, defendant completed a "Work Activity Report" and reported he had not worked since June

14    1, 1993.  On July 1, 2005, SSA concluded that defendant's disability was continuing, and notified

15    him of this finding as well as an obligation to notify SSA if he began working.

16    Defendant's work activities included operating two web-sites, www.macdizzy.com and

17    www.thetwostrokes.com, since on or about January 2000 until on or about December 2003.  On

18    those web-sites, defendant solicited for-profit work repairing all-terrain vehicles (ATVs).

19    Through those web-sites, defendant also sold ATV parts and subscriptions

20    to www.macdizzy.com.  He performed this work out of his home.  He received payments in the

21    form of ebay/Paypal, credit cards, and personal checks.

22    During this time, defendant knew neither he nor his children were entitled to DIB or

23    Children's Insurance Benefits because he was working and failed to report this work to SSA.  In

24    particular, defendant knew that his daughter, Lauren Taylor Kirmil, was not entitled to the

25    $268.00 that was paid to her on May 7, 2003.

26    Defendant earned approximately $175,000.00 from January 2000 through December 2004.

27    The SSA used this information to compute overpayment as $89,072.50 in undue DIB from

28    January 2001 - August 2006 ($69,894.50 for defendant and $19,178.00 for the children).  SSA

1  excluded the year 2000 as a trial work period.

2      Defendant voluntary provided a sworn statement to the case agent.  He admitted to working

3  approximately 10 hours per week, from January 2000 to approximately December 2003, repairing

4  ATVs.  Defendant indicated willingness to repay any overpayment.

5                              **B.  Sentencing Guidelines Calculation**

6      The adjusted base offense level is level 12.  The defendant's criminal history category is

7  Category I.  Therefore, the applicable sentencing range is 10 - 16  months in custody.

8                    **C.  Objections / Corrections to the Presentence Report**

9      The government has no objections.

10                        **D.  Government's Sentencing Recommendation**

11      The government asks the Court to impose the agreed upon sentence set out in the Rule

12  11(c)(1)(C) plea agreement.  The government recommends that the Court impose a 10 month

13  split-sentence with 5 months imprisonment and 5 months home detention, a mandatory special

14  assessment of $25, and restitution in the amount of $89,072.50.  Defendant has currently repaid

15  $586.00 towards restitution, leaving a balance of $88,486.50.

16

17

18  DATED:        June 5, 2008              Respectfully submitted,

19                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney
20

21          /s/
                                            JEFFREY SCHENK
22                                          Assistant United States Attorney
                                            TIFFANY DAY
23                                          Law Clerk

24

25

26

27

28

GOVT'S SENT. MEMO
CR 08-00147 RS                        3